IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04628-RBJ

BRYAN RUCHUCH SANIC,

Petitioner,

v.

GEORGE VALDEZ, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Bryan Ruchuch Sanic's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Among other relief, Petitioner seeks an order granting his immediate release, or, in the alternative, a bond hearing. *Id.* at 17–18. Respondents have declined to submit an opposition brief. ECF No. 6. For the reasons below, the Court finds that Petitioner's detention is unlawful and orders his immediate release.

## I. Background

Petitioner is a citizen of Guatemala who entered the United States in 2021 on an H-2B nonimmigrant visa as a temporary worker. *Id.* at 3. Petitioner worked almost 80 hours per week but made less than $500 per week. *Id.* at 4. When he

complained, he was told to accept the conditions or leave for Guatemala. *Id.* Petitioner quit and moved to Wyoming in 2022. *Id.*

On September 15, 2026, Petitioner was pulled over in Cheyenne, Wyoming by a black SUV despite not violating traffic laws. *Id.* Three armed men surrounded the vehicle, and Petitioner was asked for identification. *Id.* The men identified themselves as immigration officers, directed Petitioner to get out of his car, and placed him in handcuffs. *Id.* at 5. Petitioner was not shown an arrest warrant or told why he was being detained. *Id.* The officers did not conduct any database or biometrics search. *Id.*

At the Cheyenne suboffice, an officer offered Petitioner $3,000 for voluntary return to Guatemala. *Id.* Petitioner requested a lawyer, which was denied. *Id.* Petitioner was then transferred to the Denver Contract Detention Facility in Aurora, Colorado. *Id.* After his transfer, he was again offered the voluntary return. *Id.* at 6. When Petitioner again requested counsel, the officer left. *Id.*

Since then, Petitioner has had no communication with Immigration and Customs Enforcement. *Id.* He was not served with a Notice to appear or Form I-286. *Id.* There are no documents identifying a legal basis for the Petitioner's arrest. *Id.* The Petition asserts that Petitioner's warrantless arrest without an individualized flight risk determination and continued detention constitute statutory, regulatory, and constitutional violations. *Id.* at 11–17. Petitioner requests that the Court order

Respondents to produce any documents that establish the legal basis for Petitioner's arrest. *Id.* at 17. Petitioner also requests immediate release, or in the alternative, a bond hearing within seven days. *Id.* at 17–18.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

## III. Discussion

Petitioner's detention is unlawful under 8 U.S.C. § 1357(a)(2). Petitioner was not presented with an arrest warrant at the time of his seizure. § 1357(a)(2) mandates that warrantless arrests only be made upon showing of probable cause that Petitioner was in violation of immigration law and likely to escape before a warrant could be obtained. At the time of his arrest, Petitioner had been living and working in the

United States for approximately five years. He has no criminal history or prior immigration enforcement encounters. At the stop, he was not properly identified, being arrested solely on the basis of his Guatemalan ID card. There was no reason to believe he was a flight risk. Thus, Mr. Ruchuch Sanic's circumstances did not support a warrantless arrest, and Petitioner's detention is consequently unlawful. Having found Petitioner's detention to be unlawful, the Court does not reach the remaining counts.

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief," *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026), and have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Here, release is the only appropriate remedy that would restore Petitioner to status quo *ex ante*. ICE has unlawfully detained Petitioner despite there being no circumstances supporting his warrantless arrest. Ordering a bond hearing would leave Petitioner worse off than before he was arrested, as he faces either continued detention or release under more onerous conditions. Thus, the appropriate remedy is Petitioner's immediate release.

## IV. Conclusion

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release Petitioner from detention within 48 hours of this Order.
2. Respondents SHALL NOT impose additional release conditions other than those that Petitioner was subject to prior to his September 15, 2026 arrest.
3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.
4. Respondents SHALL return to the Petitioner any personal property belonging to the Petitioner that they possess.
5. Respondents SHALL NOT transfer Petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: September 30, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge